UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x   :
ROBERT L. GARBER, Derivatively on Behalf                        :
of LEHMAN BROTHERS HOLDINGS, INC.,                              :
                                                                :
                                    Plaintiff,                  :
                                                                :
                v.                                              :   Case No.: 07-CV-02990 (DAB)
                                                                :
RICHARD S. FULD, JR., MICHAEL L.                                :
AINSLIE, JOHN F. AKERS, ROGER S.                                :
BERLIND, THOMAS H. CRUIKSHANK,                                  :
MARSHA JOHNSON EVANS, SIR                                       :
CHRISTOPHER GENT, JOHN L. CECIL,                                :
ROLAND A. HERNANDEZ, JOHN D.                                    :
MACOMBER, DINA MERRILL, JONATHAN                                :
BEYMAN, DAVID GOLDFARB, JOSEPH M.                               :
GREGORY, JEREMY M. ISAACS,                                      :
CHRISTOPHER O'MEARA, THOMAS A.                                  :
RUSSO, BRADLEY H. JACK, HENRY                                   :
KAUFMAN, STEPHEN M. LESSING,                                    :
MICHAEL F. MCKEEVER, JEFFREY                                    :
VANDERBEEK,                                                     :
                                                                :
                                    Defendants,                 :
                                                                :
                - and -                                         :
                                                                :
LEHMAN BROTHERS HOLDINGS, INC.,                                 :
                                                                :
                                    Nominal Defendant.          :
------------------------------------------------------------x   :
```

**MEMORANDUM IN SUPPORT OF MOTION FOR INTERVENTION**

Saginaw Police & Fire Pension Board ("Saginaw") has moved this Court for an Order permitting it to fully intervene in this case as a plaintiff. As discussed further below, Saginaw, with questions and law and fact common to this action, should be granted permissive intervention in this case.

INTRODUCTION

Saginaw is a multi-employer pension fund that provides pension, disability, and survivor benefits to the City of Saginaw's police officers and firefighters as well as their eligible beneficiaries and sponsors health care benefits for eligible benefit recipients. Saginaw strives to provide the highest quality of service to its member officers and firefighters with the highest professional and ethical standards to ensure each member has the best opportunity for a successful retirement. As fiduciaries, Saginaw trustees are tasked with professionally managing its resources and are dedicated to ensuring that they maximize the assets and financial returns of their hardworking members who put their lives on the line each day to make their local communities and neighborhoods safe and attractive places to live and raise their families. Saginaw therefore invests in corporations on behalf of the member officers and firefighters and has owned shares of Lehman Brothers Holdings, Inc. ("Lehman") since at least 1999. At present, Saginaw owns almost 5,000 Lehman shares with a present value of almost $300,000.00. See, Declaration of David R. Scott, Esq. ("Scott Declaration"), ¶ 3. As a stockholder, Saginaw has an interest in the health and welfare of Lehman and seeks to intervene in this action to protect this interest.

FACTUAL BACKGROUND

This case concerns "backdating" of stock option grants by Lehman executives and directors between 1998 and 2001. On April 13, 2007, following extensive investigation and research, the case was filed, thereby exposing Lehman for its manipulative and illegal "backdating" practices. The named Defendants were engineering, authorizing, or permitting the award of Lehman stock options with an exercise price far below the fair

2

market value of Lehman stock in order to reap hundreds of millions of dollars in unlawful profit at the expense of both the Company and the remaining stockholders.

The backdating practices of the Defendants served to unjustly enrich the Defendants and resulted in a breach of fiduciary duties and the issuance of false and/or misleading statements. The Directors of Lehman, also listed as Defendants, had a duty to Lehman to administer the policies and a duty to oversee the practices at Lehman. The various practices and breaches exhibited by all the Defendants resulted in exposing Lehman to liability for federal income taxes, government investigations, prosecutions, and shareholder actions as well as causing the Company great harm by damaging its reputation, increasing its professional costs, and denying the Company payment for common stock to which it was entitled.

As a stockholder of Lehman, Saginaw was thereby injured by the actions of the Defendants and seeks to intervene with Plaintiff Garber fully in this action. The claims in which Saginaw seeks to intervene are the entire complaint filed by Garber. As such, a proposed "Verified Derivative Complaint in Intervention" is attached to the Motion for Intervention.

LEGAL ARGUMENT

Saginaw Should Be Permitted To Intervene As A Plaintiff.

Pursuant to Fed. R. Civ. P. 24(b), Plaintiff Saginaw seeks an order permitting it to intervene in the case. "Permissive intervention is wholly discretionary with the district court...." Bush v. Viterna, 740 F.2d 350, 359 (5th Cir. 1984). As this Court stated in Zicklin v. Breuer, 534 F.Supp. 745, 749 (S.D.N.Y. 1982) "[r]ule 24(b)(1) invests [the

Court] with the discretion to allow the intervention of an applicant where the applicant's claim and the main action 'have a question of law or fact in common.'" Courts also look to whether permissive intervention will unduly delay or prejudice the other parties and whether the motion to intervene is "timely". "Thus, the elements are timeliness, shared question or law or fact, and undue delay or prejudice." Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 479 (M.D.N.C. 2005).

Saginaw's motion is undoubtedly timely. It is being filed approximately four months after the date of the initial complaint. The Defendants have yet to respond to the complaint in any manner. In the Wright case, a motion to intervene in a shareholder derivative action was deemed timely (and permitted) even though it was filed *nine* months after the initial complaint. Therefore, Saginaw's intervention is timely. Because the intervention is timely, it will likewise not cause any undue delay to Defendants. Finally, Saginaw raises claims that concern identical questions of law and fact to those already raised by Garber and will thus not cause any undue prejudice to Defendants. Several courts have permitted applications for intervention in securities and derivative cases based on the fact that they allege the same acts and omissions. For example, in Epstein v. Weiss, 50 F.R.D. 387, 389 (E.D.La. 1970), the Court granted a motion for intervention on behalf of a stockholder and stated that:

> The proposed Petition in Intervention of the intervener is substantially the same as the complaint of the original plaintiffs herein. The intervener claims to have been injured by the defendants because of the same omissions of material fact and misstatements contained in the Tender Offer, and his request for relief is identical to that requested by the plaintiffs in proposed amended and supplemental complaint. The intervener is represented by counsel for the original plaintiffs. Intervention is sanctioned by Rule 24(b)(2) of the Federal Rules which provides that any person may be permitted to intervene if his claim and the main action have a common question of law and fact. It is apparent from reading Rule 23 that

4

the right to intervene in a class action is available. Subdivision (d)(2) of the Rule specifically provides that the court may make appropriate orders so that class members may intervene or otherwise come into the action.

In this case, Saginaw has been injured by the same actions, omissions, misstatements, and behavior of the Defendants that is alleged in the original complaint; its request for relief is identical to that requested by Garber; it is likewise represented by counsel for Garber.  See Scott Declaration, ¶ 3.  As in Epstein and other shareholder/derivative cases, Saginaw respectfully requests that this Court grant it permission to intervene in this action.

## CONCLUSION

For the reasons set forth herein, proposed plaintiff Saginaw Police & Fire Pension Board respectfully requests that this Court permit Saginaw to intervene fully as a plaintiff in this case.

DATED: August 14, 2007

Respectfully submitted,

SCOTT + SCOTT, LLP

/s/ Beth A. Kaswan
Beth Kaswan (BK-2064)
75 Rockefeller Plaza
19th Floor, Suite 1915
New York, NY 10019
Telephone: 212/710-1040
Facsimile: 212/710-1041
bkaswan@scott-scott.com

---

SCOTT + SCOTT, LLP
David R. Scott (DS 8053)
108 Norwich Ave.
P.O. Box 192
Colchester, CT 06415
Telephone: 860/537-5537
Facsimile: 860/537-4432
drscott@scott-scott.com

SCOTT + SCOTT, LLP
Geoffrey Johnson
33 River Street
Chagrin Falls, OH 44022
Telephone: 440/247-8200
Facsimile: 440/247-8275
gjohnson@scott-scott.com

**Counsel for Intervenor**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 14, 2007, a copy of the foregoing Memorandum In Support Of Motion to Intervene was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                                                                     /s/ Beth A. Kaswan
                                                                                               Beth A. Kaswan (BK-0264)