UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ROBERT L. GARBER, Derivatively on Behalf
of LEHMAN BROTHERS HOLDINGS, INC.,

                        Plaintiff,

                        v.                    Case No.: 07-CV-02990 (DAB/HBP)

RICHARD S. FULD, JR., MICHAEL L.
AINSLIE, JOHN F. AKERS, ROGER S.
BERLIND, THOMAS H. CRUIKSHANK,     **DEFENDANTS' MEMORANDUM OF**
MARSHA JOHNSON EVANS, SIR                **LAW IN RESPONSE TO MOTIONS**
CHRISTOPHER GENT, JOHN L. CECIL,        **OF PLAINTIFF LOCALS 302 & 612**
ROLAND A. HERNANDEZ, JOHN D.             **OF THE INTERNATIONAL UNION**
MACOMBER, DINA MERRILL, JONATHAN    **OF OPERATING ENGINEERS-**
BEYMAN, DAVID GOLDFARB, JOSEPH M.    **EMPLOYERS CONSTRUCTION**
GREGORY, JEREMY M. ISAACS,                 **INDUSTRY RETIREMENT TRUST**
CHRISTOPHER O'MEARA, THOMAS A.        **AND OF PLAINTIFF ROBERT L.**
RUSSO, BRADLEY H. JACK, HENRY             **GARBER AND PROSPECTIVE**
KAUFMAN, STEPHEN M. LESSING,              **PLAINTIFF SAGINAW POLICE &**
MICHAEL F. MCKEEVER, JEFFREY             **FIRE PENSION BOARD**
VANDERBEEK,

                        Defendants,

                    - and -

LEHMAN BROTHERS HOLDINGS, INC.,

               Nominal Defendant.
---------------------------------------------------------------x
*- to be consolidated with -*

```
-----------------------------------------------------------------x
DORIS STAEHR, Derivatively on Behalf of           :
LEHMAN BROTHERS HOLDINGS, INC.,                   :
                                                  :
                            Plaintiff,            :
                                                  :
            v.                                    :   Case No.:  07-CV-03562 (DAB/HBP)
                                                  :
RICHARD S. FULD, JR., JOSEPH M.                   :
GREGORY, THOMAS A. RUSSO, DAVID                   :
GOLDFARB, STEPHEN M. LESSING,                     :
JEREMY M. ISAACS, CHRISTOPHER M.                  :
O'MEARA, JEFFREY A. WELIKSON, HENRY               :
KAUFMAN, ROGER S. BERLIND, JOHN D.                :
MACOMBER, MICHAEL L. AINSLIE, JOHN                :
F. AKERS, THOMAS H. CRUIKSHANK,                   :
CHRISTOPHER G. GENT, MARSHA J.                    :
EVANS, BRADLEY H. JACK, JEFFREY                   :
VANDERBEEK, MICHAEL F. MCKEEVER,                  :
JOHN L. CECIL, CHARLES B. HINTZ,                  :
ROBERT MATZA, JENNIFER MARRE, DINA                :
MERRILL and HIDEICHIRO KOBAYASHI,                 :
                                                  :
                            Defendants,           :
                                                  :
            - and -                               :
                                                  :
LEHMAN BROTHERS HOLDINGS, INC.,                   :
                                                  :
                            Nominal Defendant.    :
-----------------------------------------------------------------x
```

*- to be consolidated with -*

```
------------------------------------------------------------x
LOCALS 302 AND 612 OF THE                      :
INTERNATIONAL UNION OF OPERATING               :
ENGINEERS-EMPLOYERS CONSTRUCTION               :
INDUSTRY RETIREMENT TRUST,                     :
Derivatively on Behalf of                      :
LEHMAN BROTHERS HOLDINGS, INC.,                :
                                               :
                    Plaintiff,                 :
                                               :
              v.                               :   Case No.: 07-CV-03950 (DAB/HBP)
                                               :
RICHARD S. FULD, JR., JOSEPH M.                :
GREGORY, CHRISTOPHER M. O'MEARA,               :
THOMAS A. RUSSO, JEREMY M. ISAACS,             :
DAVID GOLDFARB, BRADLEY H. JACK,               :
JEFFREY VANDERBEEK, JONATHAN E.                :
BEYMAN, MICHAEL L. AINSLIE, JOHN F.            :
AKERS, ROGER S. BERLIND, THOMAS H.             :
CRUIKSHANK, MARSHA JOHNSON EVANS,              :
SIR CHRISTOPHER GENT, ROLAND A.                :
HERNANDEZ, HENRY KAUFMAN, JOHN D.              :
MACOMBER and DINA MERRILL,                     :
                                               :
                    Defendants,                :
                                               :
              - and -                          :
                                               :
LEHMAN BROTHERS HOLDINGS, INC.,                :
                                               :
                    Nominal Defendant.         :
------------------------------------------------------------x
```

       Nominal Defendant Lehman Brothers Holdings, Inc. ("Lehman Brothers") and certain individual defendants[1] (collectively, "Defendants") hereby submit this memorandum of

---

[1] This memorandum is submitted on behalf of Lehman Brothers and all individual defendants named in these actions with the exception of Mr. Hideichiro Kobayashi who, to the best of our knowledge, currently resides in Japan and has not been served with the complaint in the one action in which he is named as a defendant (*Staehr*). Mr. Kobayashi was a Lehman Brothers director from 1997–2000 and is no longer affiliated with the company and has not been for over seven years.

law in response to Plaintiff Locals 302 & 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Trust's ("Retirement Trust") motion for consolidation, appointment as lead plaintiff and for approval of selection of lead counsel and in response to the motion for selection as lead plaintiffs and approval of lead counsel filed by Plaintiff Robert L. Garber ("Garber") and prospective Plaintiff Saginaw Police & Fire Pension Board ("Saginaw").

## INTRODUCTION

Currently pending before this Court are three nearly identical shareholder derivative actions against Lehman Brothers, as nominal defendant, and various current and former directors and officers of Lehman Brothers, as defendants: *Garber v. Fuld, et al.*, No. 07-CV-02990 (filed on or about April 13, 2007); *Staehr v. Fuld, et al.*, No. 07-CV-03562 (filed on or about May 4, 2007); and *Retirement Trust v. Fuld, et al.*, No. 07-CV-03950 (filed on or about May 21, 2007) (collectively, the "Related Actions"). The Related Actions all allege manipulation of Lehman Brothers stock option grants during overlapping periods between 1995 and 2002 and assert claims (purportedly on Lehman Brothers' behalf) arising from the individual defendants' alleged failure to properly oversee the option-granting process, which purportedly led to the dissemination of inaccurate financial statements.

On August 1, 2007, Plaintiff Retirement Trust filed a motion for consolidation, for it to be appointed lead plaintiff, and for its counsel, Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin"), to be appointed as lead plaintiffs' counsel.[2] Thereafter, on

---

[2] By letter dated June 27, 2007, Defendants sought a pre-motion conference with the Court to discuss consolidation and related case management issues because they were unable to reach agreement with Plaintiffs on a mutually agreeable consolidation stipulation. By Order dated July 10, 2007, this Court granted the requests to move for consolidation and appointment of lead counsel.

2

August 10, 2007, Plaintiff Garber and prospective Plaintiff Saginaw filed a motion for selection as lead plaintiffs and for Scott + Scott, LLP ("Scott + Scott") and Robbins Umeda & Fink, LLP ("RUF") to be approved as co-lead plaintiffs' counsel.[3]

For the reasons stated below, Defendants support Retirement Trust's motion for consolidation of the Related Actions. Defendants take no position with respect to the motions of Retirement Trust or Garber and Saginaw relating to the appointment of lead plaintiff and selection of lead plaintiffs' counsel. However, for the reasons stated below, Defendants object to the proposed orders filed by Retirement Trust and Garber and Saginaw and request that this Court enter the alternative proposed order submitted herewith.

## ARGUMENT

### I.   The Related Actions Should Be Consolidated Pursuant to Rule 42(a)

Defendants support Retirement Trust's motion to consolidate the Related Actions pursuant to Fed. R. Civ. P. 42(a). Consolidation is appropriate here because the Related Actions clearly involve common questions of law and fact. *See, e.g., Walker v. Deutsche Bank, A.G.*, No. 04-CV-01921, 2005 WL 2207041, at *2 (S.D.N.Y. Sept. 6, 2005) (Batts, J.). The Related Actions all assert claims arising from Lehman Brothers' stock option granting processes and name largely overlapping sets of Defendants and causes of action. Recognizing that their suits address common questions of law and fact, Plaintiffs Retirement Trust and Garber have both previously informed the Court that they do not object to consolidation. *See, e.g.*, Affirmation of Eric M. Albert ("Albert Aff."), Ex. A (Related Case Affidavit filed by Retirement Trust's counsel, at ¶ 2 (*Retirement Trust* "arises out of the same nucleus of common operative facts as

---

[3]   Also on August 10, 2007, Saginaw filed a motion to intervene as a plaintiff in the *Garber* action. Defendants take no position on whether or not the Court should grant the intervention motion.

3

[*Garber*].")); Albert Aff., Ex. B (June 21, 2007 Stipulation and Order entered in *Retirement Trust* action, agreeing that consolidation is "in the best interests of all parties and the most efficient use of the Court's resources"); Albert Aff., Ex. C (July 6, 2007 Letter from counsel for Plaintiff Garber to Court, stating that Plaintiff Garber has "no objection . . . to consolidation of the cases").

Consolidation is especially appropriate in the context of duplicative derivative actions, such as the Related Actions, where plaintiffs bring the actions on behalf of a nominal defendant corporation. *See, e.g., MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958) ("Certainly, overlapping duplication in motion practices and pre-trial procedures occasioned by competing counsel representing different plaintiffs in separate stockholder derivative actions constitute the waste and inefficiency sought to be avoided by the lucid direction contained in [Rule 42(a)]."); *Brown ex rel. Chordiant Software v. Kelly*, No. 06-CV-04671, 2006 WL 3411868, at *1 (N.D. Cal. Nov. 27, 2006). Here, the Defendants, including Lehman Brothers, will move to dismiss the derivative claims for failure to make demand on the board. It would be a waste of Lehman Brothers' resources to force it to make that motion in three separate cases. It would also be a waste of judicial resources for the Court to consider those three separate motions. Should the case survive a motion to dismiss, having three separate counsel purport to pursue identical relief on behalf of the same real party in interest—Lehman Brothers—from the same defendants would present obvious inefficiencies for the parties and the Court as well as creating potential problems with conflicting arguments, positions and—theoretically at least—inconsistent judgments. Consolidation will eliminate all of these potential problems, without negatively impacting the rights of any plaintiff in any way. The consolidated case can still

4

contain all of the claims alleged in the individual actions and any recovery that may be due can be obtained in full on behalf of Lehman Brothers.

Accordingly, Defendants respectfully request that this Court consolidate the Related Actions pursuant to Fed. R. Civ. P. 42(a).

## II. Defendants Take No Position on Lead Plaintiff and Lead Counsel Determinations

Through its motion papers, Plaintiff Retirement Trust moves for appointment of itself as lead plaintiff and its counsel, Lerach Coughlin, as lead plaintiffs' counsel. Plaintiff Garber and prospective Plaintiff Saginaw also move for appointment of themselves as lead plaintiffs and appointment of Scott + Scott and RUF as co-lead plaintiffs' counsel. While Defendants fully support consolidation of the Related Actions as discussed above, Defendants take no position on either motion seeking appointment of lead plaintiff and approval of selection of lead counsel.

## III. Defendants Object to the Proposed Orders of Retirement Trust and of Garber and Saginaw and Propose an Alternative Order for the Court to Enter

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (2d ed. 1987); *see also Walker*, 2005 WL 2207041 at *2 ("So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate.") (internal citations omitted). The proposed orders submitted by Retirement Trust and Garber and Saginaw fall short of accomplishing the goals of convenience and judicial economy. Specifically, both proposed orders neglect to specify a schedule providing for the filing of a consolidated complaint and subsequent briefing on a motion to dismiss brought by one or more of the Defendants. Attached as Exhibit D to the Albert Affirmation is an alternative proposed order that, if entered, would

5

result in the most efficient use of this Court's resources. Defendants' alternative proposed order is more typical of consolidation orders previously issued by this Court in shareholder litigation. *See, e.g., Linn v. Allied Irish Banks, PLC*, No. 02-CV-01738, 2004 WL 2813133, at *7 (S.D.N.Y. Dec. 8, 2004); *Ferrari v. Impath, Inc.*, No. 03-CV-05667, 2004 WL 1637053, at *9 (S.D.N.Y. July 20, 2004); *Schulman v. Lumenis, Ltd.*, No. 02-CV-01989, 2003 WL 21415287, at *8 (S.D.N.Y. June 18, 2003); *Skwortz v. Crayfish Co., Ltd.*, No. 00-CV-06766, 2001 WL 1160745, at *8 (S.D.N.Y. Sept. 28, 2001); *Weltz v. Lee*, 199 F.R.D. 129, 135 (S.D.N.Y. Mar. 9, 2001). The attached order should be entered, rather than Retirement Trust's or Garber and Saginaw's proposed orders, because it more fully effectuates the goals of consolidation and is more consistent with this Court's prior practice.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court order consolidation of the Related Actions and enter the attached proposed order.

Dated: New York, New York
August 15, 2007

SIMPSON THACHER & BARTLETT LLP

By: *Michael J. Chepiga*
Michael J. Chepiga (MC-4168)
James G. Gamble (JG-6286)
Eric M. Albert (EA-7169)

425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Nominal Defendant Lehman Brothers Holdings, Inc. and All Individual Defendants Other Than Hideichiro Kobayashi*