UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE LEHMAN BROTHERS HOLDINGS, INC. DERIVATIVE LITIGATION | x : : : : : : : x | 07 Civ. 2990 (DAB)<br><br>**Electronically Filed**<br><br>DEMAND FOR JURY TRIAL |

### MEMORANDUM IN SUPPORT OF MOTION TO JOIN THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 38 PENSION FUND AS A PLAINTIFF

Lead Plaintiffs Robert L. Garber ("Garber") and Saginaw Police and Fire Pension Board ("Saginaw"), and International Brotherhood of Electrical Workers Local No. 38 Pension Fund ("IBEW"), have moved this Court for an Order permitting the joinder of IBEW as an additional party plaintiff in this action. The Defendants have consented to this motion. As discussed further below, in accordance with Rule 20(a) of the Federal Rules of Civil Procedure, joinder of IBEW should be permitted.

### INTRODUCTION

By order dated October 3, 2007, this Court ordered the various complaints filed against Lehman Brothers Holdings, Inc. consolidated and ordered Lead Plaintiffs to file a Consolidated Complaint within sixty days. That deadline has been extended by further order of the Court until today, December 28, 2007. In filing an amended and consolidated complaint, the Lead Plaintiffs seek to join IBEW as an additional Plaintiff because, as set forth in ¶ 14 of the Verified Consolidated Shareholder Derivative Complaint ("the "Complaint") and as verified by Walter

O'Malley, a Trustee of IBEW, IBEW purchased 5,000 shares in Lehman Brothers Holdings, Inc. ("Lehman") on October 19, 1999, and continued to hold 10,500 shares (after splits) until this day.  Because for standing under Delaware law (which applies here) for a derivative action a plaintiff must own stock at the time of each "transaction" sued upon in the lawsuit, as well as at the time the case is filed, and throughout the litigation, the joinder of IBEW will permit Plaintiffs standing to sue on a greater number of claims in this action.[1]

## ARGUMENT

Fed. R. Civ. P. 20(a) permits the joinder of multiple plaintiffs, "if they assert any right of relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."  As in the case of Fed. R. Civ. P. 15(a), this standard is interpreted liberally.  *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003).  That standard is clearly met here, as the Complaint filed this date reflects.

Section 327 of The Delaware General Corporation Law, 8 Del. C. § 327, has been interpreted strictly to require "contemporaneous ownership" as of the time of a challenged transaction for there to be standing by a derivative plaintiff.  *See, e.g., Conrad v. Blank*, 2007 WL 2593540, at *9-*10 (Del. Ch. September 7, 2007).

> [T]he court is concerned that a conclusion that [plaintiff] lacks standing to challenge aspects of the alleged scheme that predate her ownership will deprive

---

[1] Earlier filed papers in this action mistakenly asserted that Saginaw purchased Lehman stock, in 1999.  The correct dates of Saginaw's purchases are set forth in ¶ 13 of the Complaint.  Because of this error, Lead Plaintiffs contacted counsel to Locals 302 and 612 of the International Union of Operating Engineers – Employees Construction Industry Retirement Trust ("Locals 302 and 612") to explain the basis of this motion and to determine their position on the motion.  No response has yet been received.  Lehman and the other Defendants have consented to the motion for joinder while reserving their rights to challenge the standing of any and all plaintiffs.

the stockholders of any 'reasonable opportunity to rectify' the corporate aberrations alleged to have taken place before she bought shares….

*Id.* at *10.

In light of this requirement, intervention of additional plaintiffs is an appropriate remedy to preserve those specific claims.

## **CONCLUSION**

For the reasons stated herein, IBEW should be joined to the action.

Dated:  New York, NY
        January 2, 2008

Respectfully submitted,

SCOTT + SCOTT, LLP

S/
Beth Kaswan (BK 0264)
29 West 57th Street
New York, NY  10019
Telephone:  212/223-6444
Facsimile:  212/223-6334
bkaswan@scott-scott.com

SCOTT + SCOTT, LLP
David R. Scott (DS 8053)
108 Norwich Ave.
P.O. Box 192
Colchester, CT 06415
Telephone:  860/537-5537
Facsimile:  860/537-4432
drscott@scott-scott.com

SCOTT + SCOTT, LLP
Geoffrey Johnson
33 River Street
Chagrin Falls, OH  44022
Telephone:  440/247-8200
Facsimile:  440/247-8275
gjohnson@scott-scott.com

ROBBINS UMEDA & FINK, LLP
Brian J. Robbins
Jeffrey P. Fink
Felipe Arroyo
Arshan Amiri
610 West Ash Street, Suite 1800
San Diego, CA  92101
Telephone:  619/525-3990
Facsimile:  619/525-3991

**Counsel for Plaintiffs and IBEW**