# EXHIBIT D

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURI COHEN BADER,<br><br>                              Plaintiff,<br><br>v.<br><br>MICHAEL AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, RICHARD FULD, JR., SIR CHRISTOPHER GENT, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, and LEHMAN BROTHERS HOLDINGS INC.,<br><br>                              Defendants. | Civ. No. 06 CV 5884 |

**NOTICE OF PROPOSED SETTLEMENT OF STOCKHOLDER
DERIVATIVE ACTION AND SETTLEMENT HEARING**

TO:  ALL HOLDERS OF THE COMMON STOCK OF LEHMAN BROTHERS HOLDINGS INC. ("LEHMAN") AS OF FEBRUARY 12, 2007. PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. YOUR RIGHTS WILL BE AFFECTED. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A SHAREHOLDER DERIVATIVE ACTION AND CLAIMS ASSERTED THEREIN.

IF YOU HOLD LEHMAN COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE TRANSMIT THIS NOTICE TO SUCH BENEFICIAL OWNER.

### I. PURPOSE OF THIS NOTICE

This Notice is given pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and by an Order of the United States District Court for the Southern District of New York. The purpose of the Notice is to advise you that a shareholder derivative action is now pending in the Court relating to Lehman and that the parties thereto have entered into a settlement, subject to Court approval, which would fully, finally and forever resolve this action on the terms and conditions summarized in this Notice and that a Settlement hearing will be held April 5, 2007, at the Daniel Patrick Moynihan United States Courthouse before the Honorable William H. Pauley III, 500 Pearl Street, Courtroom 11D, New York, New York, 10007.

THIS IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY CLAIMS OR ANY DEFENSES ASSERTED BY ANY PARTY IN THE ACTION, OR THE FAIRNESS, REASONABLENESS OR ADEQUACY OF THE PROPOSED SETTLEMENT.

### II. DEFINITIONS

As used in this Notice, the following terms shall have the meanings specified below:

1. "Action" means the action filed by Plaintiff Lauri Cohen Bader in the United States District Court for the Southern District of New York, on August 3, 2006, entitled *Bader v. Ainslie et al.*, Civ. No. 06 CV 5884.

2. "Complaint" means the Verified Complaint filed by Plaintiff Lauri Cohen Bader in the Action on August 3, 2006.

3. "Court" means the United States District Court for the Southern District of New York.

4. "Defendants" means the Individual Defendants (as defined hereinafter) and Lehman (as defined hereinafter).

5. "Defendants' Counsel" means Michael J. Chepiga, James G. Gamble, Jessica A. Murzyn and Simpson Thacher & Bartlett LLP (counsel to Lehman).

6. "Effective Date" means the date of completion of the following: (a) entry of an Order and Final Judgment, which approves in all material respects: (1) the dismissal of the claims that have been made in this Action and (2) the releases provided for in the Stipulation with respect to this Action, and (b) either (1) expiration of the time to appeal or otherwise seek review of the Order and Final Judgment which approves, in all material respects, the settlement of this Action as provided in the Stipulation, without any appeal having been taken or

review sought, or (2) if an appeal is taken or review sought, the expiration of five (5) days after an appeal or review shall have been dismissed or finally determined by the highest Court before which such appeal or review is sought and which affirms the material terms of such appealed settlement and/or Order and Final Judgment and is not subject to further judicial review.

  7. "Final" means no longer subject to review upon appeal or review in connection with a Petition for Writ of Certiorari or other similar writ, whether by exhaustion of any possible appeal, lapse of time or otherwise.

  8. "Individual Defendants" mean Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Richard Fuld, Jr., Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber.

  9. "Lehman" or "Nominal Defendant" means Lehman Brothers Holdings Inc.

  10. "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint venture, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and any spouse, heir, legatee, executor, administrator, predecessor, successor, representative or assign of any of the foregoing.

  11. "Plaintiff" means Lauri Cohen Bader and her heirs, executors, administrators, successors and assigns.

  12. "Plaintiff's Counsel" means A. Arnold Gershon, Gloria Kui, and Barrack, Rodos & Bacine.

  13. "Related Persons" means, with respect to any Person, such Person's present and former parent entities, subsidiaries (direct or indirect) and affiliates, and each of their respective present and former shareholders, general partners, limited partners, affiliates, divisions, joint ventures, partnerships, officers, directors, employees, agents, representatives, attorneys, insurers, excess insurers, experts, advisors, investment advisors, underwriters, fiduciaries, trustees, auditors, accountants, representatives, spouses and immediate family members, and the predecessors, heirs, legatees, successors, assigns, agents, executors, devisees, personal representatives, attorneys, advisors and administrators of any of them, and the predecessors, successors, and assigns of each of the foregoing, and any other Person in which any such Person has or had a controlling interest or which is or was related to or affiliated with such Person, and any trust of which such Person is the settler or which is for the benefit of such Person or member(s) of his or her family.

  14. "Released Claims" means any statutory or common law claims, rights, demands, suits, matters, issues or causes of action under federal, state, local, foreign law, or any other law, rule or regulation that were, could have been, or might have been asserted against the Released Parties by Plaintiff or any other holder of Lehman securities, or derivatively on behalf of Lehman or any of Lehman's Related Parties, in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, in any way, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, omissions or failures to act which were or which could have been alleged in this Action. The "Released Claims" include but are not limited to, any and all claims for damages, penalties, disgorgement, restitution, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liability whatsoever, whether based on federal, state, local, foreign, statutory, common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, including both known claims and unknown claims that were or that could have been alleged in the Action.

  15. "Released Parties" means the Defendants and their Related Persons.

  16. "Settlement" means the settlement and compromise of the Action as provided for in the Stipulation of Settlement and described therein.

  17. "Settlement Hearing" means the final hearing or hearings at which the Court will review the adequacy, fairness and reasonableness of the Settlement.

  18. "Stipulation" means the Stipulation of Settlement on file with the Court.

### III. SUMMARY OF THE ACTION

Plaintiff generally alleges that Lehman's proxy statements for 2002 through 2006 contained misstatements related to its executive compensation, in particular to the manner in which the proxy statements calculate the reported amount of bonus accruals for certain members of senior management and the manner in which the proxy statements describe the Black-Scholes formula which was used for those calculations. The complaint asserts two causes of action—a claim under the Securities Exchange Act of 1934 and a claim under other, unspecified federal and state laws.

Defendants have denied and continue to deny each and every allegation of liability and wrongdoing on their part and assert that the claims asserted against them are without merit and fail to state a cause of action and deny that they breached any duty, violated any law or engaged in wrongdoing in any form.

## IV. TERMS OF THE SETTLEMENT

Upon the Effective Date, Plaintiff on behalf of Lehman and all other stockholders of Lehman during the time of the events alleged in the Complaint will release all Released Claims Lehman may have against the Released Parties. Plaintiff will also release all claims against Defendants' Counsel related to the defense of this Action. The Defendants shall also release any claims they may have against Plaintiff and Plaintiff's Counsel related to their bringing and prosecuting the Action.

Defendants will cause Lehman to make, or have already caused Lehman to make, the following disclosures in its 2007 Proxy Statement regarding its executive compensation plan:

A. Prior year disclosures regarding the Black-Scholes option pricing model stating "The model is premised on immediate exercisability and transferability of the options, neither of which was true for the options granted to the named executive officers at the time of grant" will not be included in the 2007 proxy, which will instead include a statement similar in substance to the following: "The options granted to the named executive officers were not immediately exercisable or transferable at the time of grant." Post-2007 Proxy Statements shall contain substantially similar disclosure language unless: (i) Lehman ceases to use the Black-Scholes option pricing model; (ii) there are other changes in the factual circumstances relating to Lehman's executive compensation plans that would render such language inaccurate or misleading; or (iii) changes in applicable law or regulation would render such disclosure unnecessary or inappropriate.

B. With respect to both the expected life applied and any discounting of the option value based on particular characteristics, the effective life and any discount will be the same for purposes of the 2007 Proxy as those used for purposes of the published, audited financial statements for the fiscal year 2006. Post-2007 Proxy Statements shall conform to this agreement unless: (i) there are changes in the factual circumstances relating to Lehman's executive compensation plans that would render such language inaccurate or misleading; or (ii) changes in applicable law or regulation would render such disclosure unnecessary or inappropriate.

C. To the extent that valuation assumptions used in the 2007 Proxy differ materially from those in prior year disclosures, the 2007 Proxy will provide an explanation as to the effect of the changes.

D. Prior year disclosures regarding the values presented for the options stating "These hypothetical present values are presented pursuant to SEC rules even though there is no assurance that such values will ever be realized" will not be included in the 2007 Proxy, which will instead include a statement similar in substance to the following: "The Black-Scholes model is used to determine the cost of the options to the Company as of the grant date, which is reported in its financial statements and is reported in its proxy statements and referred to therein as the "Grant Date Present Value." The amount actually realized upon exercise by the individual receiving the options may be greater or less than the reported Grant Date Present Value. There is no out-of-pocket cost to the company for the grant of the options, but there is an accounting expense which is generally realized during the fiscal years in which the individual is required to provide service in exchange for the grant." Post-2007 Proxy Statements shall contain substantially similar disclosure language unless: (i) Lehman ceases to use the Black-Scholes option pricing model; (ii) there are other changes in the factual circumstances relating to Lehman's executive compensation plans that would render such language inaccurate or misleading; or (iii) changes in applicable law or regulation would render such disclosure unnecessary or inappropriate.

Defendants have also agreed that Lehman shall review the decision to report the Grant Date Present Value based on the Black-Scholes option pricing model instead of a lattice, or binomial, option pricing model and to consult with its appropriate advisers regarding the preferred valuation methodology.

Further, Defendants acknowledge that Plaintiff's counsel has a claim for attorneys' fees and reimbursement of expenses in this Action for the benefits that the Settlement has and will provide to Lehman through the additional disclosure described above. Therefore, Plaintiff and Defendants (after negotiating the other elements of the Settlement) agreed that, subject to Court approval of the Settlement, Defendants will cause to be paid to Plaintiff's Counsel the sum of $500,000 in settlement of this claim for attorneys' fees and expenses. In the event that the Court purports to modify this term of the Parties' Settlement, Defendants shall comply with such modification and all other terms of the Stipulation shall remain in full force and effect.

## V. CONDITIONS TO SETTLEMENT

The Stipulation contains conditions, certain of which may be waived, which must be satisfied for the parties to be required to complete the Settlement.

## VI. SETTLEMENT HEARING AND ABILITY TO OBJECT TO THE SETTLEMENT

Lehman shareholders who comply with the procedures set forth below for making an appearance (personally or through counsel) may be heard to the extent allowed by the Court regarding the fairness, reasonableness, and adequacy of the Settlement at the Settlement Hearing to be held before the Honorable William Pauley III on April 5, 2007, at 4 p.m. at the Daniel Patrick Moynihan United States Courthouse of the United States District Court of the Southern District of New York, 500 Pearl Street, Courtroom 11D, New York, New York 10007. You are not required to retain your own counsel, but if you choose to do so it will be at your own expense. In no event shall any Person be heard in opposition to the Settlement, and in no event shall any paper or brief submitted by any such Person be accepted or considered by the Court, unless by at least 10 days prior to the Settlement Hearing such Person (A) files with the Clerk of the Court notice of such Person's intention to appear, showing proof that such Person is a Lehman shareholder, including the number of shares of Lehman Common Stock held and the date of purchase, and providing a statement that indicates the basis for such appearance, the nature of such objection, the identities of any witnesses that such Person plans to call at the Final Hearing, and any documentation in support of any objection, and (B) simultaneously serves copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such Person files with the Court, in person or by mail upon:

A. Arnold Gershon
Gloria Kui
BARACK, RODOS & BACINE
1350 Broadway, Suite 1001
New York, New York 10018
*Counsel for Plaintiff Lauri Cohen Bader*

—and—

Michael J. Chepiga
James M. Gamble
Jessica A. Murzyn
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
*Attorneys for Nominal Defendant Lehman Corporation*

## VII. NOTICE TO BANKS, BROKERS OR OTHER NOMINEES

If you held Lehman Common Stock on February 12, 2007 as a nominee for the benefit of another, you are directed to provide a copy of this Notice to your beneficial owners of the publicly traded securities, postmarked no later than ten (10) business days after receipt of this Notice. You may request sufficient copies of this Notice, free of charge, to mail to your beneficial owners and/or obtain reimbursement of your reasonable and actual out-of-pocket disbursements that would not have been made but for this request by submitting an itemized statement to:

Lehman Brothers Litigation Department
1301 Sixth Avenue
New York, NY 10019

## VIII. FURTHER INFORMATION

Further information regarding the Action and this Notice may be obtained by contacting counsel for Plaintiff: A. Arnold Gershon, Barack Rodos & Bacine, 1350 Broadway, Suite 1001, New York, New York 10018, (212) 688-0782.

The pleadings and other records of the Action may be examined and copied at any time during regular office hours at Clerk's Office, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

**Please Do Not Telephone the Court or the Clerk's Office Regarding this Notice.**

DATED:    February 9, 2007              BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT FOR THE SOUTHERN
                                        DISTRICT OF NEW YORK