# EXHIBIT 1



Home | Previous Page

**U.S. Securities and Exchange Commission**

## SEC Votes to Adopt Changes to Disclosure Requirements Concerning Executive Compensation and Related Matters

**FOR IMMEDIATE RELEASE**
**2006-123**

*Washington, D.C., July 26, 2006* - The Securities and Exchange Commission today voted to adopt changes to the rules requiring disclosure of executive and director compensation, related person transactions, director independence and other corporate governance matters, and security ownership of officers and directors. These changes would affect disclosure in proxy statements, annual reports and registration statements, as well as the current reporting of compensation arrangements. The rules would require that most of this disclosure be provided in plain English.

"With more than 20,000 comments, and counting, it is now official that no issue in the 72 years of the Commission's history has generated such interest," said SEC Chairman Christopher Cox. "The better information that both shareholders and boards of directors will get as a result of these new rules will help them make better decisions about the appropriate amount to pay the men and women entrusted with running their companies. Shareholders need intelligible disclosure that can be understood by a lay reader without benefit of specialized expertise or the need for an advanced degree. It's our job to see that they get it."

"Investors have made it clear that disclosure about executive compensation and related matters is very important to them. The rule changes and guidance the Commission today voted to approve will significantly improve the quality and usefulness of the information that investors receive about executive compensation," said John W. White, Director of the SEC's Division of Corporation Finance. "Investors will now be provided with one number for total annual compensation for each named executive officer. The clarity and comparability of this one number will be complemented by the principles-based narrative disclosures in our new Compensation Discussion and Analysis section and by the requirement that these disclosures be made in plain English. By taking up these critical issues and addressing them in record time, the Commission has once again shown its responsiveness to the continually evolving needs of American investors."

### 1. Executive and Director Compensation

The amendments will refine the currently required tabular disclosure and combine it with improved narrative disclosure to elicit clearer and more complete disclosure of compensation of the principal executive officer, principal financial officer, the three other highest paid executive officers and the directors.

**Compensation Discussion and Analysis**

New company disclosure in the form of a Compensation Discussion and Analysis will address the objectives and implementation of executive compensation programs - focusing on the most important factors underlying each company's compensation policies and decisions.

- The Compensation Discussion and Analysis will be filed and will thus be a part of the disclosure subject to certification by a company's principal executive officer and principal financial officer.

- A new furnished Compensation Committee Report will require a statement of whether the compensation committee has reviewed and discussed the Compensation Discussion and Analysis with management and, based on this review and discussion, recommended that it be included in the company's annual report on Form 10-K and proxy statement.

- The Performance Graph will be retained, but no longer coupled with executive compensation disclosure. The requirement for the Performance Graph will be moved to the disclosure rule covering the market price of common equity and related matters, and the Performance Graph will be required in annual reports to security holders that accompany or precede proxy statements relating to annual meetings at which directors are to be elected.

**Tabular and Narrative Disclosure**

Following the Compensation Discussion and Analysis section, executive compensation disclosure will be organized into three broad categories: compensation over the last three years; holdings of outstanding equity-related interests received as compensation that are the source of future gains; and retirement plans, deferred compensation and other post-employment payments and benefits.

- The Summary Compensation Table (see <u>attachment</u>) will be the principal disclosure vehicle for executive compensation, showing compensation for each named executive officer over the last three years. The Summary Compensation Table will be accompanied by narrative disclosure and a Grants of Plan-Based Awards Table that will help explain the compensation information presented in the table. The Summary Compensation Table will include, in addition to columns for salary and bonus:

    o A dollar value for all equity-based awards, shown in separate columns for stock and stock options, measured at grant date fair value, computed pursuant to Financial Accounting Standards Board's Statement of Financial Accounting Standards No. 123 (revised 2004), Share-Based Payment ("FAS 123R"), to provide a more complete picture of compensation and facilitate reporting total compensation;

    o A column reporting the amount of compensation under non-equity incentive plans;

- o A column reporting the annual change in the actuarial present value of accumulated pension benefits and above-market or preferential earnings on nonqualified deferred compensation, so that these amounts can be deducted from total compensation for purposes of determining the named executive officers;

- o A column showing the aggregate amount of all other compensation not reported in the other columns of the table, including perquisites. Perquisites will be included in the table unless the aggregate amount is less than $10,000, and interpretive guidance will be provided for determining what is a perquisite; and

- o A column reporting total compensation.

  As proposed, the accompanying narrative would have required disclosure for up to three employees who were not executive officers during the last completed fiscal year, but whose total compensation was greater than that of any of the named executive officers. This provision will be revised and reproposed for public comment. The new proposal would require that the accompanying narrative disclosure include the total compensation (excluding the same items that would be deducted from total compensation for purposes of determining named executive officers) and job positions of each of a company's three most highly compensated employees, whether or not they were executive officers during the last completed fiscal year, whose compensation for the last completed fiscal year was greater than that of any of the named executive officers included in the tables, except that employees having no responsibility for significant policy decisions within the company, a significant subsidiary, or a principal business unit, division or function would be excluded when determining which employees are among the most highly compensated. Under the revised proposal, this provision would only apply to large accelerated filers.

- Disclosure regarding outstanding equity interests will include:

  - o The Outstanding Equity Awards at Fiscal-Year End Table, which will show outstanding awards representing potential amounts that may be received in the future, including such information as the amount of securities underlying exercisable and unexercisable options, the exercise prices and the expiration dates for each outstanding option (rather than on an aggregate basis); and

  - o The Option Exercises and Stock Vested Table, which will show amounts realized on equity compensation during the last fiscal year.

- Retirement plan and post-employment disclosure will include:

  - o The Pension Benefits Table, which will require disclosure of the actuarial present value of each named executive officer's

accumulated benefit under each pension plan, computed using the same assumptions (except for the normal retirement age) and measurement period as used for financial reporting purposes under generally accepted accounting principles;

- The Nonqualified Deferred Compensation Table, which will require disclosure with respect to nonqualified deferred compensation plans of executive contributions, company contributions, withdrawals, all earnings for the year (not just the above-market or preferential portion) and the year-end balance; and

- A narrative description of any arrangement that provides for payments or benefits at, following, or in connection with any termination of a named executive officer, a change in responsibilities, or a change in control of the company, including quantification of these potential payments and benefits assuming that the triggering event took place on the last business day of the company's last fiscal year and the price per share was the closing market price on that date.

**Disclosure Regarding Option Grants**

The Commission will provide in the Release additional guidance regarding disclosure of company programs, plans and practices relating to the granting of options, including in particular the timing of option grants in coordination with the release of material nonpublic information and the selection of exercise prices that differ from the underlying stock's price on the grant date.

- Required disclosure will include clear tabular presentations of option grants including:

    - The grant date fair value;

    - The FAS 123R grant date;

    - The closing market price on the grant date if it is greater than the exercise price of the award; and

    - The date the compensation committee or full board of directors took action to grant the award if that date is different than the grant date.

        Further, if the exercise price of an option grant is not the grant date closing market price per share, the rules will require a description of the methodology for determining the exercise price.

- The Compensation Discussion and Analysis section will also require enhanced narrative disclosure about option grants to executives. Companies will be called upon to analyze and discuss, as appropriate, material information such as the reasons a company selects particular grant dates for awards or the methods a company uses to select the terms of awards, such as the exercise prices of stock options.

- With regard to the timing of stock options in particular, companies will be called upon in the guidance to answer questions such as:
    - Does a company have any program, plan or practice to time option grants to its executives in coordination with the release of material non-public information?
    - How does any program, plan or practice to time option grants to executives fit in the context of the company's program, plan or practice, if any, with regard to option grants to employees more generally?
    - What was the role of the compensation committee in approving and administering such a program, plan or practice? How did the board or compensation committee take such information into account when determining whether and in what amount to make those grants? Did the compensation committee delegate any aspect of the actual administration of a program, plan or practice to any other persons?
    - What was the role of executive officers in the company's program, plan or practice of option timing?
    - Does the company set the grant date of its stock option grants to new executives in coordination with the release of material non-public information?
    - Does a company plan to time, or has it timed, its release of material nonpublic information for the purpose of affecting the value of executive compensation?

   Disclosure will also be required where a company has not previously disclosed a program, plan or practice of timing option grants to executives, but has adopted such a program, plan or practice or has made one or more decisions since the beginning of the past fiscal year to time option grants.

- Similar disclosure standards will apply if a company has a program, plan or practice of awarding options and setting the exercise price based on the stock's price on a date other than the actual grant date or if the company determines the exercise price of option grants by using formulas based on average prices (or lowest prices) of the company's stock in a period preceding, surrounding or following the grant date.

**Director Compensation**

Director compensation for the last fiscal year will be required in a Director Compensation Table (along with related narrative), which will be similar in format to the Summary Compensation Table described above.

**2. Related Person Transactions, Director Independence and Other Corporate Governance Matters**

**Related Person Transactions**

The amendments will streamline and modernize the related person transaction disclosure requirement, while also making it more principles-based. The changes to this disclosure requirement will include:

- Increasing the dollar threshold for transactions required to be disclosed from $60,000 to $120,000;

- Requiring disclosure of a company's policies and procedures for the review, approval or ratification of related person transactions;

- Eliminating the distinction between indebtedness and other types of related person transactions, and eliminating requirements for disclosure of specific types of director relationships; and

- Specifying exceptions for some categories of transactions that do not fall within the principle for disclosure under the related person transaction disclosure requirement.

**Director Independence and Other Corporate Governance Matters**

A new Item 407 of Regulations S-K and S-B will consolidate existing disclosure requirements regarding director independence and related corporate governance matters, in most cases without substantive change, and will also update disclosure requirements regarding director independence to reflect the Commission's current requirements and current listing standards. The disclosure under this requirement will include:

- Disclosure of whether each director and director nominee is independent;

- A description, by specific category or type, of any transactions, relationships or arrangements not disclosed as a related person transaction that were considered by the board of directors when determining if applicable independence standards were satisfied;

- Disclosure of any audit, nominating and compensation committee members who are not independent; and

- Disclosure about the compensation committee's processes and procedures for the consideration of executive and director compensation.

**3. Security Ownership of Officers and Directors**

The amendments will require disclosure of the number of shares pledged by management, and the inclusion of directors' qualifying shares in the total amount of securities owned.

**4. Form 8-K**

The rules will modify the disclosure requirements in Form 8-K to capture some employment arrangements and material amendments thereto only for

named executive officers. The rules will also consolidate all Form 8-K disclosure regarding employment arrangements under a single item.

### 5. Plain English Disclosure in Proxy and Information Statements

The rules will require companies to prepare most of this information using plain English principles in organization, language and design.

### 6. Registered Investment Companies and Business Development Companies

The amendments will modify certain disclosure requirements for registered investment companies and business development companies. Specifically, the amendments will:

- Apply the executive compensation disclosure requirements for operating companies in their entirety to business development companies;

- Increase to $120,000 the current $60,000 threshold for disclosure of certain interests, transactions, and relationships of independent directors of registered investment companies, similar to the increase proposed for operating companies with respect to related party disclosure; and

- Reorganize the proxy rules applicable to investment companies to reflect organizational changes proposed for operating companies.

### 7. Compliance

Compliance with these provisions will be required as follows.

- For Forms 8-K, compliance will be required for triggering events that occur 60 days or more after publication in the Federal Register;

- For Forms 10-K and 10-KSB, compliance will be required for fiscal years ending on or after Dec. 15, 2006;

- For proxy and information statements covering registrants other than registered investment companies, compliance will be required for any new proxy or information statements filed on or after Dec. 15, 2006, that are required to include Item 402 and 404 disclosure for fiscal years ending on or after Dec. 15, 2006;

- For Securities Act registration statements covering registrants other than registered investment companies and Exchange Act registration statements (including pre-effective and post-effective amendments, as applicable), compliance will be required for registration statements that are filed with the Commission on or after Dec. 15, 2006, that are required to include Item 402 and 404 disclosure for fiscal years ending on or after Dec. 15, 2006;

- For initial registration statements and post-effective amendments that are annual updates to effective registration statements that are

filed on Forms N-1A, N-2 and N-3 (except those filed by business development companies), compliance will be required for registration statements and post-effective amendments that are filed with the Commission on or after Dec. 15, 2006; and

- For proxy and information statements covering registered investment companies, compliance will be required for any new proxy or information statement filed on or after Dec. 15, 2006.

\*\*\*

The full text of the detailed release concerning these items will be posted to the SEC Web site as soon as possible.

# # #

➤ Additional materials: Summary Compensation Table

*http://www.sec.gov/news/press/2006/2006-123.htm*

Home | Previous Page                                  Modified: 07/26/2006